Dear Fire Wilson,
¶ 0 This office has received your letter requesting an official Opinion regarding the following question:
Does 11 O.S. 1991, § 29-205(6)(g) prevent an applicantwith a felony conviction from becoming a member of a volunteerfire department?
¶ 1 In order to answer your question, reference must be made to the Oklahoma Volunteer Firefighters Act at 11 O.S. 1991, §§29-201[11-29-201] to 29-205 ("The Act").
¶ 2 Title 11 O.S. 1991, § 29-204[11-29-204] provides municipalities that have volunteer firefighters with the authority to adopt a code of minimum rules and regulations to govern such firefighters. This provision acts as a guide for such municipalities in the adoption of rules. As stated, these rules are intended to act as a minimum standard, below which a municipality may not fall. This does not mean that the municipality may not adopt more stringent standards.
¶ 3 Your question asks whether the Act precludes convicted felons from becoming volunteer firefighters. On this point, the Act is silent and does not contain any membership qualifications. It does, however, contain the minimum rules and regulations for a volunteer fire department which are spelled out in Section 29-204 of Title 11. Article 6 details the Bylaws provided by the Legislature:
 Any volunteer member of the fire department shall be expelled from the rolls for the following offenses:
1. Conduct unbecoming a fire fighter,
2. Any act of insubordination,
3. Neglect of duty,
 4. Any violation of rules and regulations governing the fire department, or
5. Conviction of a felony.
11 O.S. 1991, § 29-204[11-29-204], Article 6(g) (emphasis added).
¶ 4 It is a fundamental rule of statutory construction that when a court interprets a statute it must adhere to the plain and ordinary meaning of terms employed by the Legislature, unless a contrary intent appears from consideration of the statute as a whole. See Myers v. Maxey, 915 P.2d 940, 947 (Okla.Ct.App. 1995).
¶ 5 In looking at this section by using the phrase "any volunteer member shall be expelled from the rolls," the Legislature here only contemplated that one currently on the volunteer firefighters' roll be subject to the proscription against being a felon. This section does not address applicants for the position of volunteer firefighter who have previously been convicted of a felony.[1]
¶ 6 However, as previously expressed, this Act provides only the minimum rules for municipalities. Thus, a municipality may, on its own, wish to adopt an ordinance or code which would preclude one convicted of a felony from becoming a volunteer firefighter.
¶ 7 It is, therefore, the official Opinion of the AttorneyGeneral that:
 The Oklahoma Volunteer Firefighters Act at 11 O.S. 1991, §29-201[11-29-201] to 29-205, does not preclude one convicted of a felonyfrom becoming a member of a volunteer fire department.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JOSEPH L. McCORMICK IV ASSISTANT ATTORNEY GENERAL
[1] It must be pointed out that, although this interpretation is reasonable, it may lead to inequities in its application. For example, if a member is terminated after a felony conviction, he or she could conceivably reapply since the proscription only applies to felonies committed by members; or, a member may be expelled from the volunteer rolls for being convicted of a felony, whereas an applicant may be placed on the volunteer rolls despite having been previously convicted of the same felony. To avoid these results, municipalities may wish to promulgate rules which address problems associated with an applicant who has a felony conviction.